ATTEST: A TRUE COPY
CERTIFIED THIS

PROB 12
(Rev. A881)

JAN 6 2011

James N. Hatten, Clerk
By: Don Stanhope
Deputy Clerk

UNITED STATES DISTRICT COURT

for

NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JAN 6 2011

JAMES N. HATTEN, Clerk
By: Don Stanhope
Deputy Clerk

U. S. A. vs. Jorge Gonzalez-Salinas

Docket No. 2:07-CR-37-01-WCO

(M-14-1993-M)

### PETITION FOR WARRANT AND ORDER TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED

COMES NOW Kurt A. Warren, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Jorge Gonzalez-Salinas who was placed on supervision for the offense of Illegal Reentry of a Deported Alien, 8 U. S. C. §§1326(a) and (b)(2), by the Honorable William C. O'Kelley sitting in the court at Gainesville, on the 26th day of March, 2008 who fixed the period of supervision at 36 months, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

The defendant shall pay a $100.00 special assessment.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court. If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.

The defendant shall not possess a firearm as defined in 18 U. S. C. § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons or if deported; within 72 hours the defendant shall notify the United States Probation Office in the Northern District of Georgia, in writing of his current address. Failure to do so will constitute a violation of his supervised release.

The defendant shall pay a fine in the amount of $1,000.00 on count one of the indictment. The defendant shall make fine payment from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of not less than $100.00.

The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

U. S. A. vs. Jorge Gonzalez-Salinas
Docket No.: 2:07-CR-37-01-WCO
Petition for Warrant and Order to Show Cause Why Supervised Release Should not be Revoked
January 3, 2011
Page 2

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

*Violation #1: Willful failure to pay court-ordered fine.*

The defendant has willfully failed to pay his court-ordered fine in that he was released from the custody of the Bureau of Prisons on March 30, 2010, and he has failed to make any payments towards his fine. He is currently in arrears for the balance of $950.00.

*Violation #2: Failure to report within 72 hours of his release from confinement.*

The defendant has failed to report as directed in that he was released from the custody of the Bureau of Prison on March 30, 2010, and he has failed to make any contact with the U. S. Probation Office and failed to notify the U.S. Probation Office of his current address.

PRAYING THAT THE COURT WILL ORDER a warrant issued for said Jorge Gonzalez-Salinas and that Jorge Gonzalez-Salinas be brought back before the Court at Gainesville, Georgia, to show cause why Supervised Release heretofore entered should not be revoked.

ORDER OF COURT

Considered and ordered this _5th_ day of _January_, _2011_

and ordered filed and made a part of the records

in the above case.

_____
Honorable William C. O'Kelley
Senior U. S. District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

_____
Kurt A. Warren
U. S. Probation Officer

Place:   Gainesville, Georgia

Date:   January 3, 2011

_____
Huel T. Brown, Jr.
Supv. U. S. Probation Officer